## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PATRICIA HIRSCH,

      Petitioner,

v.                                    CASE NO: 8:05-CV-700-T-27MAP

JAMES V. CROSBY, JR.,

      Respondent.

_____/

## O R D E R

Petitioner, an inmate of the Florida penal system proceeding *pro se*,[1] initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1) and an Affidavit of Indigency in which she seeks leave to proceed *in forma pauperis* (Dkt. 2). Petitioner has also filed a motion to hold these proceedings in abeyance until she has exhausted her claims in state court (Dkt. 3). *See Rhines v. Weber*, __ U.S., 125 S.Ct. 1528 1535, 2005 WL 711587 at *6 (Mar. 30, 2005) (finding that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay

---

[1]Petitioner is cautioned that although she is appearing *pro se*, she is required to comply with the Local Rules of the Middle District of Florida, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. Failure to do so could result in sanctions, including dismissal of her claims. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). A copy of the Local Rules may be obtained at no charge by mailing a letter to the Clerk's Office. Because the Court cannot pay the mailing costs, Petitioner must also provide a self-addressed envelope with $3.95 postage affixed thereto. The Local Rules measure 8 1/2" x 11" x 1/2". A copy of the Local Rules may be found in the Prison Law Library. They may also be found in <u>Florida Rules of Court</u> available from West Group, 620 Opperman Drive, St. Paul, Minnesota 55164. This book may also be available in the Prison Law Library.

and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.").

It appears from the record that the judgment of conviction against which relief is sought was entered by the Fifth Judicial Circuit Court, Brevard County, Florida (Dkt. 1 at 2). The state appellate court affirmed Petitioner's conviction and sentence on October 21, 2003. *See Hirsch v. State*, 864 So.2d 427 (Fla. 5th DCA 2003) (Table).  Pursuant to Local Rule 1.02(c) (M.D. Fla. 2004) and 28 U.S.C. §2241(d),[2] this case is **transferred** to the **Orlando Division** of this Court for all further proceedings.

UPON consideration, the Court **ORDERS** that the Clerk shall immediately forward the case file to that Division, terminate any pending motions, and close this case.

**ORDERED** at Tampa, Florida, on ___*May 16th*___, 2005.


JAMES D. WHITTEMORE
United States District Judge

Copy to:  Petitioner *Pro Se*

SA:jsh

---

[2]"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d).